Mr. Caldwell, it's nice to see you again. Thank you, Judge Bivey. And may it please the court, my name is Mark Caldwell. I'm representing Mr. Deleo this morning in this social security appeal. I will keep track of my own time, but I do intend to try to reserve two minutes for rebuttal if possible. I apologize for my voice this morning. I'll try to keep my voice up. I'm a little scratchy this morning for some reason. This case is a little bit different than the typical social security case like I argued yesterday. This is a Forney-Bennecke type appeal where the district court in part ruled in the claimant's favor and remanded for further proceedings. And the appeal is of the district court's order under the error of law provision where an error of law equals an abuse of discretion. In this case, the district court committed an error of law by remanding for further administrative proceedings rather than for payment of benefits under the crediting as true rule. As the Court is well aware, the crediting of true as true rule is that when improperly discredited evidence is credited, and that evidence when credited would lead to a finding of disability, and there are no further issues that must be decided, then the proper remedy is remand for payment of benefits. That is the remedy that should have been granted by the Court in this case. However, the district court remanded basically for two reasons. One, that the assessments of the treating psychologist, treating psychiatrist, examining psychologist, Drs. Lawrence, Levitt, and Tromp, respectively, conflicted with that of a non-examining State agency doctor at the initial level, a Dr. Nathan, and that therefore that is an that the ALJ gave five reasons for finding that Mr. DiLeo's symptom testimony was not credible. The district court found that three of those reasons were invalid, but found that resolution was required regarding the remaining two reasons as to whether those independently would be sufficient to reject Mr. DiLeo's symptom testimony. Addressing the first reason first, with all due respect, I just don't understand the district court's reasoning. The district court explicitly held that the opinion of the non-examining State agency psychologist at the initial level could not be substantial evidence to reject the opinions of the three, excuse me, two examining doctor to treating doctors and one examining doctor. Then the district court said, well, that's insubstantial evidence, but it conflicts with substantial evidence. That is not a conflict. Only substantial evidence can conflict with other substantial evidence. If the evidence by the district court's own terms was not substantial evidence, then there's nothing left to resolve. The opinions of the two treating doctors and the one examining doctor, according to the Commissioner's own vocational expert, established limitations that would lead to a finding of disability. And the key word in that three-part test that I enumerated for the crediting is true rule is, are there any further issues that must be resolved? And once the district court determined that the non-examining State agency psychologist's checkmark assessment form was not substantial evidence, then I respectfully submit that there were no further issues that were required to be resolved. So that's the first reason why I think the district court erred as a matter of law and should have applied the crediting as true rule. The second reason has to do with Mr. DiLeo's testimony. Three out of the five reasons offered by the ALJ failed. Under the district court's own rationale, the district court went so far as to indicate that the administrative law judge mischaracterized the record. So then there were two remaining reasons, only two. One, Mr. DiLeo had taken two trips to visit family. And, two, he had done some volunteer work in the shelter's kitchen. And I believe he had to do that to stay in the shelter. I'm not entirely sure. As a matter of law, I submit that that is insufficient because under either Social Security ruling 96-8P and many, many of this Court's decisions, I'll just pick the most recent one that I can think of, ORN, O-R-N, 495F3-625, to show that a claimant's symptom testimony is not credible based upon their daily activities, there has to be a showing of a connection between those activities and the ability to sustain work on a regular and continuing basis. And 96-8P defines regular and continuing basis as 8 hours a day, 5 days a week, or an equivalent work schedule. That being the case, as a matter of law, taking two trips during this entire period that we're talking about and volunteering twice a week at the shelter's kitchen cannot be shown to demonstrate the ability to sustain work-related activities on a regular and continuing basis. So I believe the district – I believe this Court should find that the district court erred as a matter of law in remanding for resolution of that issue as well, because it is not an issue that required resolution. So that is why I believe that the administrative law judge was wrong when the administrative law judge assigned significant weight to the checkmark form by a non-examining State agency physician The district court essentially agreed on that, so I don't know how much more I have to argue about it. If the district court has already ruled it's insubstantial evidence, I don't want to flog a dead horse, so to speak. But having said that, I think the evidence in this case is overwhelming when you credit any of the items that I have discussed, that Mr. D'Elia was unable to sustain work on a regular and continuing basis. His treating doctors, the agency's own examining psychologist, coupled with the agency's own vocational expert testimony. So I'm not only arguing that my client's doctors established disability. I'm arguing that the agency's own expert witnesses established disability. If there are any further questions, I'll be happy to answer them. Otherwise, I'd like to reserve the rest of my time. Roberts. Okay. Thank you. Farr, and I represent Michael Astre, the Commissioner of Social Security. And it's not in dispute that the standard of review under this case is whether or not the district court abused its discretion, which begs the question of whether or not the district court had discretion to remand for further proceedings rather than payment of benefits. And the case law in this circuit is not as clear as my opponent would have you believe it is. As this Court said itself in Vasquez v. Astre, since the first case, since it established this credit as true rule, there is a split in authority in this circuit. And the case law does demonstrate that there is a split. So is it the government's position that we have to resolve that en banc before we can decide this case? Yes. And we have to decide that. Oh, not before we decide this case. I'm sorry. But it's a question. The conflict in the case law can only be resolved. Right. If you were to look at Barney 2, then the district court abused its discretion. We have credit as true. And we're probably done. If we look at Connett, then it looks like the district court does have discretion. And we're we probably should affirm what the district court did. So we have we have two different paths, depending on which case we follow. So is the government's position then that we cannot resolve this case unless we unless we unless we take the case en banc? No. Our position is that because there is a conflict in the law, that implies that the district court didn't abuse its discretion because it had the there is case law that says it had discretion. It properly followed that case law rather than the other line of cases. I understand it's a tricky issue, but there are two lines of cases. And as as the dissent in Vasquez said, well, district courts are free to choose which line of cases to follow. And that's true. We can affirm the district court because he didn't abuse his discretion because he couldn't have possibly had any idea what the proper law was. Is that the is that what you're telling us? I would like to tell you that. We should affirm even though we're the source of this confusion. Well, I can give you other reasons to affirm if that helps. Well, it might be it might be useful. So let's all right. Well, the case that I handed you this morning, Schaefer v. Astreux, it's an EJIA case, but it discusses the merits of the underlying case, which which wasn't published. And in that case, the court found similar errors that this district court found. There was a treating physician's opinion in Schaefer that a vocational expert testified would have been consistent with disability, and there was an improper credibility analysis. Yet this court remanded that case for further proceedings, even when the district court had affirmed. You know, Mr. Mr. Caldwell went through pretty systematically, telling us why the district court was correct to reject the ALJ's decision, ignoring all of these doctors in favor of the non-examining Dr. Nathan. And then why the only two reasons that seemed to survive under the district court's opinion, the visiting family and volunteering to work at a work shelter, just wasn't sufficient to find a lack of credibility. You haven't taken an appeal from the district court's order otherwise, so you may want to address those points. We are admitting that the ALJ's decision isn't, he didn't explain his reasoning, and the appeals council didn't provide much help. And if you read the district court's decision, right before the conclusion, I think it's pretty clear that it's holding was that the ALJ didn't properly explain his reasons. And that's true because several times in the decision, the ALJ, when he was talking about the medical evidence, he just said, well, it's not supported by the record as a whole. He didn't explain what that was. But the record as a whole does contain evidence that supports the ALJ's finding that the claimant wasn't disabled, and that these doctors' opinions of disability weren't consistent with the record as a whole. And what that is, is this claimant was, he has a relatively consistent medical history. He's reported the same symptoms to his doctor, Lawrence, in New York, while he was working full time at a high stress, high quota job that had a lot of interface with the public, and that's from the VE's testimony. Nothing in the treatment records, when he moved to Arizona, voluntarily stopped working at a job he'd had for decades. Started working in Arizona, but then he quit because his reason was that his boss thought he was standoffish, which isn't indicative of stopping work because you're disabled. But more importantly, the treatment records with value options in Arizona are very consistent with the treatment records from Dr. Lawrence in New York, while the claimant was unequivocally working full time. He, at one point, said he was working 55 hours a week. So there's no difference between those treatment records and the treatment records in Arizona, yet Dr. Lawrence said that he was disabled once he left, and there's no basis for that. The ALJ could have explained that, the Appeals Council could have explained that, but they didn't. But the point is, the record in this case, unlike some of the cases where remand for payment has ensued, doesn't compel a finding of disability. And Connett is a case where this Court found an inadequate credibility analysis, but agreed that the record contained evidence that did support that credibility analysis, because that's what the district court said, it's just that the ALJ didn't say it. So our position is this is the same kind of case. There is evidence in the record to support what the ALJ did. He just didn't provide it. Therefore, the proper remedy is remand to correct those errors, because this is not a case that. Remand in this case, like the Court said in Reddick, remand would serve no useful purpose, but in this case it would, because it would point out to a reviewer that there is evidence in this record that supports the finding of non-disability. The other. Kennedy, we have the treating physician testifying, and the vocational expert having said he couldn't work under the circumstances of the treating physicians described. Doesn't that indicate it really has to be an award of benefits? Well, Your Honor, an ALJ is always entitled to reject the opinion of a treating doctor. He just has to explain it properly, and in this case he didn't. And if you're talking about Dr. Lawrence, as I just said, there is no reason for Dr. Lawrence to have said the claimant was disabled once he voluntarily stopped working in Arizona. And if you're talking about Dr. Levitt, who is the treating doctor in Arizona, in October 2006, Dr. Levitt signed off on a treating report that contains relatively glowing indications about the claimant. The claimant says he's no longer paranoid, he's no longer having episodes of anxiety, he's assessed a global assessment of functioning score of 70, which is indicative of almost no psychological symptoms. He reports that he wants to work, but he only wants to work part-time, and he's talking about all this volunteer activity that he wants to do. Well, that was in October 2006. In January 2007, Dr. Levitt checkmarks boxes indicating that the claimant is disabled. There's also no explanation for that in the record, which is another reason why this could go back, because there are reasons for rejecting that treating doctor's opinion. They just weren't articulated. Under the Social Security Act, a claimant has to prove disability. Proving ALJ error is not the same as proving disability, and that's our position, and that is why, given the state of the the inconsistent state of the case law in this circuit, this district court did not abuse its discretion by remanding the case for further proceedings. Alj, on the questions upon which the vocational expert was to testify, given these conditions, this, this, this, and this, can he work? He gave, he gave a couple of hypothetical questions. One is what ended up in the ALJ's residual functional capacity, which is basically no exertional limitations, but he has, he needs to be limited to simple work that doesn't have a lot of contact with other people. The questions that were posed to the V.E. about the doctor's limitations where the V.E. said they were disabling were posed, I'm pretty sure by claimant's counsel, but there might have been a little bit of overlap in that way. But, yes, I mean, this is not a case where the district court abused its discretion. There are cases in this circuit where remand has been assessed based on an incorrect or inadequate credibility finding, and also when there's a treating doctor who finds a claimant, assesses limitations that a V.E. finds disabling. And one last thing is that the residual functional capacity that the ALJ assesses is not dependent on any one medical source in the record. It's dependent on the entire record. So once again, just because a treating doctor says disability doesn't mean the ALJ had to accept that. But we do agree that in this case he didn't properly explain it. Roberts. Thank you, Ms. Verver. Mr. Caldwell, you have a, you have some time remaining. Thank you, Judge. Judge, to answer your question on page 18 of my opening brief, I indicate the administrative law judge's question, which I will tell you is the one he asks in every single case in this, in mental impairments case, simple stress, avoid, you know, simple type work, avoid complex relationships, and avoid high stress work and high production quotas. That appears nowhere in this record. On the other hand, it was I who had to ask a question based upon Dr. Lawrence's opinion. It was I who had to ask a question based upon Dr. Tromp's opinion, and it was I who had to ask a question based on Dr. Levitt's opinion. And I shouldn't have had to do that. The judge should have done it himself. Now, let me talk about this crediting his true rule in the so-called split in authority. And I know Judge Bybee and Judge Gwinn heard me talk about this a little bit yesterday. Schaefer has nothing to do with what we're talking about here. And by the way, I represented Patricia Schaefer, so I sort of feel like I've been ambushing them with my own case. In Schaefer, there was a testifying medical expert at the hearing, not a non-examining doctor at the initial stage who just filled out a form. Dr. Harris was a board-certified internal medicine doctor who talked about Ms. Schaefer's problems, and there was, in fact, something to be discussed along those lines. This is not this case. This case is one where the district court has already determined that the non-examining state agency physician assessment was insubstantial evidence. With all due respect to my friend and opposing counsel, I'm not going to argue again. I've already won that case in the district court, and they didn't cross-appeal, and that's done as far as I'm concerned for present purposes. Now, the split in authority business. There is no split in authority in the Ninth Circuit on the crediting as true rule. Yes, Conant remanded for further administrative proceedings. Other cases, Reddick, Lester, Varney II, et cetera, remanded for determination of benefits. But in Conant, it was quite clear that the district court, not the ALJ, found many discrepancies. That's the exact words in Conant, many discrepancies, between the claimant's testimony and the medical evidence. And this Court, recognizing that it can't review the district court's decision in that regard, it has to look at the agency decision, said, well, since we can't do that, we're not going to grant benefits when the district court appropriately said there are many discrepancies. And appropriately remanded for further administrative proceedings. That does not invalidate the crediting as true rule. It simply applies the crediting as true rule and says it's not applicable in this particular set of circumstances. On the other hand, in the other cases that I've discussed, Varney II, Lester, Reddick, et cetera, this Court explicitly determined that there were no further issues that could be appropriate. That's this case, too. And that is why, although the Commissioner keeps saying it over and over and over again in case after case, and with all due respect, Vasquez kind of swallowed the bait and repeated what the Commissioner said in their brief, there is not a split in authority in the Ninth Circuit on the crediting as true rule. It's just that in different cases, different panels of this Court have applied the rule differently depending on the facts of those individual cases. And Varney II was decided correctly, Lester was decided correctly, Reddick was decided correctly, and Connett was decided correctly. I've run out of time. Are there any further questions? Roberts. Thank you very much. Thank you, Judge. I appreciate the argument from counsel.
judges: Gwin, Hug, Bybee